**James Artis JOSEY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 38945.

Court of Criminal Appeals of Texas.

March 2, 1966.

Rehearing Denied April 27, 1966.

———◆———

Tom Upchurch, Jr., Amarillo, for appellant.

Dee D. Miller, Dist. Atty., Patrick H. Mulloy, Jr., Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The offense is statutory rape; the punishment assessed was ten years.

The sole contention urged for reversal is that the evidence is insufficient to support the conviction.

The prosecutrix testified that she was seventeen years of age on the date of this trial on March 10, 1965, and had lived with the appellant, her stepfather, and her mother, from the time of their marriage on February 10, 1961, and that her three brothers also lived with them, where she continued to live until September, 1964. On May 18, 1964, about 5:50 p. m., while the prosecutrix was in her bedroom she heard the appellant come in from work, and then her mother left in the car. In a short time the appellant went into prosecutrix's bedroom and said, "How about giving me some?" and she replied, "No, it's just like its always been. No." He pushed her back on the bed saying that, "He was going to take it whether I liked it or not." While she was screaming he forcibly placed his private parts into hers, that it hurt and she was unable to get him off, and he remained in this position two or three minutes, then said, "Don't tell her (mother), or something will happen to you," and left the house. The prosecutrix did not tell her mother because when she had previously reported a similar assault by appellant, her mother did not believe her, and that her mother took her to see Dr. Stout in February, 1962. On July 20, 1964, the appellant assaulted her and threatened to kill her on the way home from a ball game, but after considerable struggling he said, "Let's go," and they returned home. Although, she was scared to go, she made a business trip to Dalhart with the appellant after her mother told her to go; and while in a motel in Dalhart the appellant overpowered her and had intercourse with her. In September, 1964, the appellant gave the prosecutrix a severe whipping for disobedience, according to him; and after school the next day she was persuaded to go to the police station.

Dr. Hand, a physician with special training in obstetrics and gynecology, testified that an examination of the prosecutrix on September 24, 1964, revealed black and blue spots on her back and thighs; that he examined her by putting two fingers in her vagina with fair ease and without complaint, and that his two fingers would measure about one and one-half inches in diameter; that she had a marital type vagina with the hymen intact which was a little unusual but it did occur even in some married women; that he had seen the hymen intact after acts of intercourse but it was unusual; and the condition of the prosecutrix could have been brought about by

many acts of intercourse; and that frequent repeated efforts would cause the vagina to dilate and remain dilated; and he expressed the opinion that the prosecutrix had probably had repeated relationships.

The appellant did not testify but called two physicians and his stepson as witnesses.

Dr. Stout, a physician and general practitioner, testified that he examined the prosecutrix on February 7, 1962; that an examination of her vagina would not admit one finger; that he had recently examined the private parts of the appellant; that in February, 1962, it would not have been possible for the appellant to have effected entry of the private parts of the prosecutrix with his private parts, and if her parts would have admitted two fingers he could not have effected entry because his parts were too large; and that the hymen would not necessarily rupture during a struggle with a man with small private parts, but it was not possible for the hymen to remain intact during intercourse with the size parts of the appellant.

Dr. Glenn, a specialist in obstetrics and gynecology, never examined the prosecutrix and testified hypothetically. He testified that it would be uncommon for the hymen to remain completely intact after the first act of intercourse; that lack of cooperation would probably tear the hymen; that it is not likely for the hymen to remain intact and admit two fingers; and that it was possible to have penetration up to the hymen.

The brother, age sixteen, of the prosecutrix, testified that he never saw the appellant make any advances toward her; that appellant had offered her a car but she refused it because it was not good enough; that he heard the appellant tell the prosecutrix in the kitchen, "Well, I am taking care of you,————, why don't you take care of me?"

In rebuttal the state offered evidence that the prosecutrix had very few dates with boys, and that appellant objected to her going with boys. Five witnesses testified the general reputation of the prosecutrix for truth and veracity was good.

In submitting this case to the jury the trial court in its charge gave the following instruction:

" 'Carnal knowledge', as that term is used in the law, and in this charge, means the penetration of the private female organ of the alleged injured female by the private male organ of the accused, which penetration need not be shown to be of any particular extent or depth."

The issues of facts were resolved against the appellant by the jury, and the evidence is sufficient to sustain their verdict.

The judgment is affirmed.

Opinion approved by the Court.